McCALEB, Justice
(dissenting).
The original opinion in this case was predicated on the basis that, inasmuch as the ordinance under attack was penal in its nature, an injunction to restrain its enforcement could not be maintained because the suit did not meet the test laid down in Le Blanc v. City of New Orleans, 138 La. 243, 70 So. 212, i. e., (1) that it was palpably unconstitutional, (2) that it constituted an invasion of the complainant’s property rights and (3) that it worked irreparable injury.
I took issue with those views, being of the opinion that plaintiff had brought itself *673 within the doctrine of the Le Blanc case, and I still adhere to the convictions expressed in that dissenting opinion.
The opinion on rehearing injects into the case, for the first time, a new theory— that the ordinance is not penal; that it is really a tax law and that, this being so, an injunction will not lie because, under Act No. 330 of 1938, which was passed in obedience to Section 18 of Article X of the Constitution, no process whatsoever may be entertained to restrain the collection of any tax.
If the restraint of the collection of a tax was the main purpose of this suit, I would readily agree with the majority that the action must fail. But that is not plaintiff’s aim. Actually, plaintiff is seeking the aid of the courts to prevent Bogalusa from regulating its business under an ordinance which is manifestly unconstitutional.
Whereas, I have previously stated that the ordinance under attack “is not primarily a penal law”, I have never regarded it to be a tax law because, in addition to the levy of a $50 license for a forty-day period for each itinerant vendor, it prescribes for the giving of a $2,000 regulatory bond to secure the performance of the work contracted for by customers. Hence, the ordinance provides for the regulation of the business and, by its stringent terms, effectually deprives itinerant vendors of the right of engaging in that pursuit in the city of Bogalusa. It was thought to have this consequence heretofore by counsel on both sides, the trial judge and this court on original hearing.
For these reasons, I respectfully dissent.